## MARSHALL *v.* STATE.

### Opinion delivered October 7, 1907.

1. CRIMINAL LAW—DISMISSAL OF CHARGE—SUBSEQUENT INDICTMENT.— Kirby's Digest, § 2213, providing that "the dismissal of the charge does not prevent it being again submitted to a grand jury as often as the court may direct, but without such direction it can not again be submitted," refers to the resubmission of causes by the court, and does not prevent a grand jury, after a criminal charge against a person has been dismissed, from subsequently returning an indictment against him. (Page 90.)

2. EVIDENCE—CONFESSION OF ACCUSED.—Section 3087, Kirby's Digest, providing that where two or more persons are concerned in the commission of a crime either of such persons may be sworn as a witness, "but the testimony given by such witness shall in no instance be used against him in any criminal prosecution for the same offense," prohibits the testimony of a person taken before an examining court from being used against him on a subsequent prosecution for the same offense. (Page 91.)

Appeal from Phillips Circuit Court; *Hance N. Hutton,* Judge; reversed.

*W. G. Dinning,* for appellant.

1. The indictment should have been quashed. The statute clearly prohibits the resubmission of a criminal charge to the grand jury after they have once ignored the charge, except by specific direction of the court. This statute is mandatory. Kirby's Digest, § 2213; 82 Pa, 405; 109 N. Y. 615,; 15 N. E. 880.

2. The court clearly erred in admitting as evidence on the trial of this cause, the testimony given by appellant at the examining trial, where he and two others were jointly charged with the crime, and he was required to testify. Kirby's Digest, § 3087; 78 Ark. 266; 66 Ark. 53. See also 73 Ark. 411.

*William F. Kirby,* Attorney General, and *Daniel Taylor,* assistant, for appellee.

1. Under their oath, which the law requires the grand jury to take when entering upon their duties, they are not only not precluded from again investigating a criminal charge which they have previously "dismissed," when they receive information that the party charged did commit the crime, but it is their duty to do so. Nor does the statute, Kirby's Digest, § 2213, take away that right. Appellant's objection is completely answered in 73 Ia. 542.

2. Even if the testimony of witnesses going to prove the confession of appellant at the examining trial was inadmissible, there was, nevertheless, evidence of other confessions by appellant sufficient to sustain a conviction; but the trial court found that this confession was freely and voluntarily made. The verdict ought to stand. 50 Ark. 305. The *corpus delicti* having been proved, a criminal may be convicted on his own uncorroborated confession. 3 Enc. Ev. 354; 73 Ark. 407; 74 Ark. 397.

WOOD, J. Appellant seeks to reverse a judgment of the circuit court of Phillips County, convicting him of the crimes of burglary and grand larceny, the offenses being joined in the indictment. The offenses charged in the indictment were the same that had been previously investigated by the same grand jury, and it had returned the papers into court as "dismissed." The court upon such return had adjudged that the prosecution abate, and had ordered that the defendant be discharged. The same grand jury at a subsequent day on its own motion, without any directions

from the court, took up the charges and returned the present indictment.

First. Appellant contends that the indictment upon these facts should be quashed. He relies upon the following statute: "The dismissal of the charge does not prevent it being again submitted to the grand jury as often as the court may direct, but without such direction it can not again be submitted." Section 2213, Kirby's Digest.

To make the meaning of this section clear, it must be read in connection with the one preceding and the one following it. These are as follows:

"Section 2212. All the papers and other matters of evidence relating to the arrest and examination of the charge against persons committed or on bail, returned to court by magistrates, shall be laid before the grand jury, and if upon investigation they refuse to find an indictment, they shall write upon some one of the papers 'dismissed' with the signature of the foreman, and therupon the court shall discharge the defendant from custody, if in jail, or exonerate the bail, if bail be given, unless the court should be of the opinion that the charge should again be submitted to another grand jury, in which case the defendant may be continued in custody, or on bail, until the next term of the court."

"Section 2214. Unless an indictment be found at the term of the court next after the first submission of the charge to the grand jury, the defendant shall be discharged from custody or exonerated from bail, unless for cause shown the court shall otherwise direct."

These sections, taken together, show that the design of the Legislature was not to allow a defendant, who was under bond or in jail to await the action of a grand jury, to be kept in custody or under bond for that offense after the grand jury had once passed upon and "dismissed" it, without an order or some direction from the court. In other words, after the grand jury had once "dismissed" a cause, the defendant, if under bond or in jail, was entitled to have his bond discharged or to be released from custody, unless the court should direct that he be further held. The statute refers to the submission of causes by the court, and how they may be again resubmitted by the

court after the grand jury has "dismissed" them. But in our opinion it has no reference to the independent action of the grand jury over such causes. It contains no limitation upon the duty of that body, after it had been impaneled and sworn, to make its inquiries and presentments as broad as the oath it takes. The duty which that oath enjoins is that "you will diligently inquire of and present all treasons, felonies, misdemeanors and breaches of the penal laws over which you have jurisdiction, or of which you have knowledge or may receive information." Kirby's Digest, § 2194.

It is the function of the grand jury, therefore, to investigate and reinvestigate concerning matters within their jurisdiction as often as they "have knowledge or may receive information," and the statute under consideration is not intended to limit or restrain that function. The Supreme Court of Iowa under a similar statute and in a similar case so holds. *State* v. *Collis,* 73 Ia. 542.

Second. Appellant and two others were jointly charged before a committing magistrate with the offense of burglary. They were all apprehended and brought before the magistrate. Appellant was called by the justice, sworn and testified, and the testimony that he gave was used by the justice in committing them all to await the action of the grand jury. The testimony appellant gave before the examining court was a confession of guilt on his part, and implicated the other two. In the trial of appellant in the circuit court on the present indictment, witnesses were permitted, over the objection of appellant, to give in evidence what the testimony of appellant was taken before the examining court.

Section 3087 of Kirby's Digest is as follows: "In all cases where two or more persons are jointly or otherwise concerned in the commission of any crime or misdemeanor, either of such persons may be sworn as a witness in relation to such crime or misdemeanor; but the testimony given by such witness shall in no instance be used against him in any criminal prosecution for the same offense."

The ruling of the court in permitting the testimony of appellant taken before the examining court to be used against him on his present trial was in plain derogation of the above statute,

and was prejudicial error, for which the judgment must be reversed and the cause remanded to a new trial.

There was no error in the instruction of which appellant complains. Reporter set out in note.*

· Reversed.

*The instruction complained of was as follows: "The evidence in this case is founded upon confessions made by defendant. ·Where a party commits a crime and then confesses freely and voluntarily, and without any promise of hope or reward or without any fear of punishment, then confessions are admissible and sufficient under the law to have a conviction. ·Confessions, it is true, are always to be received with caution, but they are taken with all of the facts and circumstances in the case and coupled with the additional proof that a crime has been committed." —(Rep.)