(72 Misc. Rep. 336.)

## PEOPLE v. BURKE.

(Supreme Court, Special Term, Queens County. May, 1911.)

1. INDICTMENT AND INFORMATION (§ 144*)—MOTION TO DISMISS GROUNDS.
   Accused was subpœnaed to testify before the grand jury, and was cautioned that anything he said might be used against him. The only evidence connecting him with certain forgeries which was inquired into was his own testimony. Held, that a motion to dismiss the indictment found against him for such forgeries, on the ground that his constitutional rights were invaded, will be denied.
   [Ed. Note.—For other cases, see Indictment and Information, Dec. Dig. § 144.*]

2. CRIMINAL LAW (§ 406*)—ADMISSIONS OF ACCUSED—ADMISSIBILITY.
   Statements of accused made voluntarily with a full understanding of his situation are admissible in evidence against him.
   [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 785, 894–927; Dec. Dig. § 406.*]

Frank H. Burke was indicted for forgery, and moves to dismiss the indictments. Motion denied.

Eugene N. L. Young, for the motion.

James A. Parsons, Deputy Atty. Gen., and Fred G. De Witt, Dist. Atty., for the People.

MADDOX, J. The presence of the defendant before the grand jury returning the indictments here under consideration was compulsory. Pursuant to the command of a subpœna, he appeared as a wit-

ness in the matter entitled "In the matter of the investigation in the borough of Queens, ordered by the Governor of the state of New York," and was thereupon "called as a witness" (and) "sworn in the case of the People against John Doe." Had he failed to obey the subpœna, or while in attendance had he refused to be sworn as a witness, he might well have apprehended the possibility, even the probability of his being proceeded against and punished as for a criminal contempt of court, and it is clear that he was compelled to be a witness in the proceeding then pending before that grand jury, to wit, "the case of the People against John Doe." He was, as disclosed by the transcript of the minutes giving his testimony, by the first question put to him, cautioned that anything he said might be used against him; such transcript showing the following:

"By Mr. Train: You understand, if you give any testimoney here, it may be used against you hereafter; that you do not have to testify unless you wish to do so; that you do not have to answer any question the answer of which may tend to degrade or incriminate you; and, if you testify, you must waive any privileges the law gives to you in that regard. Do you wish to give any testimony? A. Yes."

The statement and question and their purposes were plain and readily understandable, and the answer short and positive in form.

The questions thereupon and thereafter put to defendant and his answers related to various matters of fact essentially material and relevant to the commission of the several alleged crimes of forgery and of his connection therewith, of all of which crimes he was subsequently charged with the commission by the indictments here in question.

[1] Though the matter in which he was sworn as a witness was stated to be "the case of the People against John Doe," it is apparent, in my opinion, from the questions put and the statements made by the then Deputy Attorney General to the defendant here, that the defendant was the only person against whom the forgery inquiry then pending was in fact directed. The Deputy Attorney General now in charge has in his affidavit verified April 4, 1911, stated that he "has made a very careful, systematic and painstaking examination of" the minutes of the grand jury finding and returning such indictments, and "that, in regard to the various forgery indictments against said Frank H. Burke, deponent has been unable to find any evidence in said grand jury minutes, or in the record of said grand jury as presented to deponent, that in any way connect said Frank H. Burke with the commission of said forgeries, except the evidence given by Frank H. Burke, the defendant, before said grand jury." The defendant claims that his constitutional rights have been infringed and violated, and moves that the indictments be dismissed.

It is the constitutional right of every man that he shall not be compelled to be a witness against himself in any criminal case; and it is also his absolute right that he shall not be put upon his trial for an infamous crime until he shall have been first legally charged therewith by indictment or presentment of a grand jury. But a party may waive his constitutional rights. He may waive any of the constitutional provisions designed for his protection (People v. Quigg, 59 N. Y. 83, 89; Jackson v. Rowe, 106 App. Div. 65, 72, 94 N. Y. Supp. 568); and

whether or not there be a waiver is a question of fact, not to be passed upon on a motion such as this, to dismiss an indictment, but at the trial, when the question can be litigated, if necessary, and the parties so desire.

[2] Statements and testimony of an accused, if voluntarily made and given, "with a full understanding of his situation and an exact comprehension of his rights" (People v. Kennedy, 159 N. Y. 346, 361, 54 N. E. 51, 70 Am. St. Rep. 557), whether in a judicial proceeding or not, are admissible against him and the converse of this proposition is necessarily the law, if such statements were made under duress and coercion. Duress and coercion are likewise questions of fact, not to be determined upon a motion for the relief here sought.

Motion denied.