## COUNTY COURT—ULSTER COUNTY,

### May, 1912.

## THE PEOPLE v. ELITE DISTRIBUTING COMPANY AND SAMUEL W. WEBBER.

(76 Misc. 577.)

(1) INSPECTION OF MINUTES OF GRAND JURY—WHEN DENIED.*

A motion for inspection of the minutes of a grand jury will be denied where the moving affidavit simply resolves itself into a statement of the accused that he does not know how the witnesses before the grand jury could have any knowledge upon the subject under consideration and that, therefore, there was no evidence before the grand jury justifying the finding of an indictment against him.

(2) INDICTMENT—MOTION TO DISMISS—IMMUNITY OF WITNESS BEFORE PRIOR GRAND JURY.

Where defendant was subpœnaed as a witness before a grand jury upon the examination of a charge which resulted in the finding of an indictment for grand larceny in the second degree against two persons, and subsequently the defendant herein was indicted for grand larceny in the second degree arising out of the same transaction which resulted in the previous indictment, and it does not appear that defendant's testimony before the first grand jury was used before the one which indicted him, and none of his constitutional rights were violated, his motion to dismiss the indictment as against him on the ground that he had gained immunity will be denied.

MOTION to inspect the minutes of the grand jury; motion to dismiss the indictment upon the ground that the defendant Webber had gained immunity; demurrer to indictment.

*William D. Cunningham,* District Attorney, for people.

*Brinnier & Canfield (G. D. B. Hasbrouck,* of counsel), for defendants.

---

* See Notes, Vol. 5, p. 101; Vol. 22, p. 498.

CANTINE, J.:

The questions presented will be considered in the order above stated.

First. The defendants herein have moved upon an affidavit of Samuel W. Webber for leave to inspect the minutes of the grand jury. The affidavit shows the finding of an indictment for the obtaining of certain property by means of false pretenses, viz.: The use of a certificate which recited that at a given distillery in Kentucky the Elite Distributing Company had, in bond, five barrels of whiskey.

The names of the witnesses endorsed upon the indictment are then given and the defendant alleges that none of the witnesses named could by any possibility have had personal knowledge upon the subject whether the whiskey was in bond as stated in the affidavit, or not; that the only perons who could have such knowledge were the owner and employees of the distillery, and no one of them was sworn.

There is no affidavit, however, presented on the part of the owners or employees of the distillery upon this subject. The defendant Webber could by no possibility know what knowledge his former employees had upon that subject; they might well have had personal knowledge of the facts that he knew not of, or, by reason of their position as former employees of the defendant, they might have had access to the records of the defendants and thereby gained knowledge which the defendant denies they have, or, the defendants may have made admissions or statements showing the falsity of the facts stated in the certificate. The affidavit plainly resolves itself into a statement upon the part of the defendant that he does not know how the witnesses sworn before the grand jury could have any knowledge upon the subject under consideration, and that, therefore, there was no evidence before the grand jury justifying the finding of an indictment.

Mr. Justice Kenefick, in the case of People v. Steinhardt, 47

Misc. Rep. 252, has very fully examined the subject now under discussion. With his views I fully concur.

The moving papers are not sufficient to justify the inspection asked for. The motion is, therefore, denied.

Second. Involved in a measure in the above motion is the application upon the part of the defendant Samuel W. Webber to have the indictment dismissed against him, upon the ground that he was compelled by subpœna to testify before a grand jury which was considering the general subject-matter in part, involved in this indictment. In other words, the defendant desires by a plea of immunity to have this indictment dismissed as to him. The facts are not disputed in the moving papers. From them it appears that in the month of October, 1911, the grand jury of this county were examining a charge of grand larceny in the second degree against Frank Kiss and Samuel Graubart, who, representing themselves as agents of the Elite Distributing Company, by means of a false token and writing, viz.: a certificate that the Elite Distributing Company had in bond, in a certain United States Warehouse in the Fifth District of Kentucky, five barrels of whiskey, and by said representations and the use of the said certificate obtained from E. Edward McClure of the city of Kingston, the sum of $125. During the examination of that case Samuel W. Webber was subpœnaed and sworn as a witness. This grand jury found an indictment for grand larceny in the second degree against Kiss and Graubart. Subsequently, in the month of December, 1911, another grand jury examined a charge against The Elite Distributing Company and Samuel W. Webber, of grand larceny in the second degree, arising out of the same transaction for which Kiss and Graubart had been indicted by the October grand jury.

There is no statement in any of the moving papers that the testimony of Samuel W. Webber taken before the October grand jury was in any way used before the December grand jury.

The decision of this motion is therefore governed by the following cases: People v. Haines, 1 N. Y. Supp. 55; People v. Singer, 18 Abb. N. C. 96; People v. Cahill, 193 N. Y. 232.

Immunity is purely a creature of statute. There is nothing in the moving papers to show that any constitutional right of the defendants was violated by the December grand jury.

The motion to dismiss the indictment is denied.

Third. A demurrer has also been interposed upon the several grounds named in the Code of Criminal Procedure.

This indictment is to be tested by the rules governing pleadings in the obtaining of property by means of false pretenses. The intent to defraud and the felonious taking are very fully alleged. The false writing, by the use of which it is charged the felony was committed, is set forth in full, but the indictment does not charge in detail how the fraud was committed by the use of this writing. These facts are the subject of proof and not pleading. People v. Eaton, 122 App. Div. 706.

" The averment of the pretenses by the indictment are only to give the defendant notice of what may be proved against him; the mode of obtaining need not be pleaded; and if any pretense is capable of defrauding, that is sufficient." Thomas v. People, 34 N. Y. 351.

The indictment, also, does not charge reliance upon the writing. The equivalent is charged in the statement that, by color and aid of the false writing, the property was feloniously taken. Clark v. People, 2 Lans. 329; People v. Sattlekau, 120 App. Div. 42.

The denials of truth are sufficient. They are generally charged as being in all respects utterly false and untrue, to the defendants' knowledge, and two pretenses are specifically charged as being false.

It is true that the date of the false writing is a year earlier than its use. The charge, however, is that the writing was false when it was used in obtaining the property. The date

of the writing is therefore of little importance in considering the demurrer. The indictment must be considered as a whole and from it the defendants are fairly apprised of the charge, viz.: that, upon the twenty-third of July, 1911, with intent to defraud, etc., by means of a false writing which is set forth, the defendants feloniously obtained from E. Edward McClure the sum of one hundred and twenty-five dollars and that the principal fact stated in said false writing, viz.: the possession of five barrels of whiskey at the time the money was obtained, was to the defendant's knowledge false.

Upon this general subject of the sufficiency of the indictment, counsel are referred to People v. Helmer, 154 N. Y. 600; Code Crim. Pro., §§ 284, 285.

Demurrer overruled.