BAKER *v.* STATE.

Opinion delivered April 23, 1928.

*G. C. Carter* and *Dave Partain,* for appellant.

*H. W. Applegate,* Attorney General, and *John L. Carter,* Assistant, for appellee.

McHANEY, J. This is a petition for a writ of certiorari to the Franklin Circuit Court, Ozark District, praying that the judgment of conviction against appellant upon a charge of contempt be certified up to this court and quashed. Copy of the proceedings in the circuit court has been filed with the petition.

Appellant had been charged with and convicted of unlawfully possessing liquor, for which he had paid a fine. He was taken before the grand jury to be examined regarding his knowledge of violations of the liquor laws, and was there asked the following questions: "1. State to whom the liquor belonged which was found in your store, and for which you paid a fine for possessing. 2. State who brought the liquor into your store." Appellant refused to answer such questions, and was taken before the court, and admonished by the court that he should answer same. He was thereupon taken before the grand jury again, but was advised by his attorney that he did not have to answer them, because in violation of his constitutional rights. He refused to answer the questions to the grand jury the second time, for the reason that he had been advised by his counsel that he was not required to do so, in that his answers would tend to incriminate himself. He was then again taken before the court, and admonished by the court that he would be required to answer the questions. Whereupon he told the court that he was acting under the advice of his counsel, and that he would decline to answer such questions. The court then ordered him incarcerated in the jail until he agreed to go before the grand jury and answer such questions. He was placed in jail, where he remained five days, and, on the morning before the grand jury adjourned, he was again brought into court by the sheriff, where the court propounded the same questions to appellant, and he was again advised in open court by his counsel not to answer said questions. The attorney notified the court that he had so advised him, whereupon the court sentenced him to seven months

imprisonment in the Franklin County jail, and entered a judgment to this effect.

We are asked to quash this judgment on the ground that the court was without authority, under the law, to require the defendant to answer such questions so propounded to him; but that, if he be mistaken in this fact, still the appellant is not guilty of contempt of court, in that he did not intend to be, but was acting solely upon the advice of counsel in refusing to answer such questions, whose advice he thought to be correct, and upon which he thought he could rely.

Section 6178, C. & M. Digest, reads as follows: "No person shall be excused from testifying before the grand jury or on the trial in any prosecution for any violation of this act; but no disclosure or discovery made by such person is to be used against him in any criminal or penal prosecution for or on behalf of the matters disclosed."

In *State* v. *Roberts,* 148 Ark. 328, 230 S. W. 15, we said:

"Under our statutes the grand jury has general inquisitorial powers, without being confined to any particular matters submitted for investigation, and, according to the allegations of the complaint (indictment) in this case, the grand jury was pursuing such investigations in propounding the inquiry to the defendant. The question propounded might or might not have elicited information incriminating the defendant himself. But he could not refuse to answer on that ground, for the reason that the statute protects him from the use of his own testimony in the prosecution of a charge against himself."

The above language was cited with approval in *Warren* v. *State,* 153 Ark. 497, 241 S. W. 15, and referring to the statute now under consideration, 6178, this court said:

"Under the above statute, the appellant could not refuse to answer questions concerning the violation of the liquor law during the year 1921, giving as his reason

for such refusal that the answers to the questions propounded to him would show that he himself had violated the liquor law during that year. The statute above quoted gives him complete immunity from prosecution for any offenses in violation of the liquor law which his own testimony might disclose.''

It will be noted that the language of the above section is ''but no *disclosure or discovery* made by such person is to be used against him in any criminal or penal prosecution for or on behalf of the matters disclosed.'' In this respect it differs from § 3122 of the Digest, where it is provided that, if two or more persons are jointly or otherwise concerned in the commission of any crime or misdemeanor, either may be sworn and required to testify thereto, ''but the testimony given by such witness shall in no instance be used against him in any criminal prosecution for the same offense.''

Section 8 of article 2 of the Constitution provides: ''Nor shall any person be compelled in a criminal case to be a witness against himself''; but, as is plainly manifest from the language of the section of the Digest now under consideration, appellant's rights were not invaded under this clause of the Constitution, as he was not being compelled to be a witness against himself. He was being examined before the grand jury concerning his knowledge of liquor law violations generally, and the mere fact that, in the course of such inquiry, he might give testimony which might, but for the statute, form the basis of an indictment against him, still his answers might disclose the guilt of others, and the grand jury was well within its rights in asking the questions, and the court was correct in requiring him to answer them. *Lockett* v. *State,* 145 Ark. 415, 224 S. W. 952. See also *Poindexter* v. *State,* 109 Ark. 179, 159 S. W. 197, 46 L. R. A. (N. S.) 517. But any disclosures made by the witness or discoveries by the grand jury cannot be used against him on any charge growing out of or by reason of such testimony.

Having properly convicted appellant on the charge of contempt of court, there still remains the question of punishment to be determined. As we have already stated, the court sentenced him to seven months in jail. We cannot tell from the transcript the exact date his punishment began, but it was some time in February. In the Poindexter case, *supra*, this court said: "We are of the opinion that justice will be done and the dignity and authority of the court vindicated when the fine imposed is paid, without the jail sentence, of which petitioner should be relieved." In the Lockett case, *supra*, the lower court found Lockett to be guilty of contempt, and fined him $1,000 and sentenced him to jail for six months. This court cut the fine down to $250 and the jail sentence to thirty days, because of some mitigating circumstances that appeared to this court to justify it. We think there are some here. Appellant refused to answer the questions involved because he was advised by counsel learned in the law that he was not required to do so. His counsel honestly so advised him. The fact that he was mistaken in this advice, and that appellant relied on this erroneous advice, is a sufficient mitigating circumstance to justify us in reducing the punishment, and a sentence of 60 days, under the circumstances, would have been amply sufficient to uphold the dignity and respect of the court.

The sentence against him will therefore be modified in this respect by reducing the punishment to sixty days from the date of his incarceration in jail. Otherwise the judgment is affirmed.