PUGH v. STATE.

4494                           210 S. W. 2d 789

Opinion delivered April 26, 1948.
Rehearing denied May 24, 1948.

*Hibbler & Hibbler,* for appellant.

*Guy E. Williams,* Attorney General and *Oscar E. Ellis, Assistant Attorney General,* for appellee.

ROBINS, J. Appellant, a negro, asks us to reverse judgment of the lower court, entered in accordance with verdict of trial jury, by which the death sentence was imposed upon him for the crime of rape.

The victim was a little negro girl two and a half years old; and the beastly assault was made upon her in the vicinity of the church of which her father was pastor and while her mother and father were attending a meeting in this church. The child had been in the building with her parents, but was permitted to leave to play, as her parents supposed, with her little brother in the vestibule. The child's assailant found her alone on the steps outside and took her a short distance from the church, where the assault was committed. She was found later, her pants having been taken off her, her remaining clothing dirty and wet, and she was bleeding profusely from extensive lacerations. Her physical condition was such that an operation extending over a period of two hours, during which she was kept under ether, was required.

Appellant was taken into custody a few hours after the crime was committed. When arrested he was armed

with a "sawed-off" pistol, loaned to him, as he said, by a friend, "for protection" at a dance which appellant was planning to attend. Appellant had been, according to his statement, drinking beer and whiskey on the night of the crime. After he was arrested it was discovered by the officers that appellant had in his hip pocket the child's pants, which her mother identified as having been worn by the little girl on the night the crime was committed.

For reversal these contentions are made by appellant:

I. That the evidence was insufficient to show that the crime of rape was committed.

II. That the confession of appellant was improperly admitted in evidence, because it was an involuntary one, and for the further reason that it was obtained while appellant was being illegally detained without a warrant, and without having been carried before a magistrate as required by provisions of § 3729, Pope's Digest.

## I.

As soon as the victim of the assault was found by her parents she was taken to a hospital. The physician who examined her there testified in detail as to the torn and lacerated condition of her genitals, and stated that he found male spermatozoa therein. He expressed the opinion that penetration and emission had occurred. This testimony, in connection with the fact that the child, on account of non-age, was incapable of consent, was enough to establish that rape had been committed upon her.

The confession introduced in evidence was a typewritten transcript of stenographic notes of an interview between appellant and the prosecuting attorney, in the latter's office, on the day following the commission of the offense. Present at this interview were the prosecuting attorney, the assistant prosecuting attorney, the prosecuting attorney's secretary, who made the stenographic notes of the interview and the transcription

thereof, the chief of detectives of the city of Little Rock, and appellant.

The transcript shows that the prosecuting attorney told appellant that he would not be mistreated or abused in any way. All of those present at this interview, except appellant, testified that there was, at the time this confession was made, no force used or threats or promises made by the officers to obtain this confession; and appellant's attorney agreed in open court that the defendant was in no way coerced while in the prosecuting attorney's office; but appellant testified that on the night before he had been severely beaten by the city officers in an effort to extort a confession from him, and that he was in great fear that, in spite of the prosecuting attorney's assurances, he would be beaten again if he did not confess to the crime. There was evidence that he had been struck about the head the night before, but officers testified that it was necessary to strike him, as he was being arrested, in order to prevent him from using the pistol, which they said he was attempting to draw.

After hearing evidence as to the circumstances under which the confession was made the court determined that it might be read to the jury.

The court instructed the jury, as to the confession, in part as follows: "The reason the state has the burden of proving the voluntariness of a confession, as distinguished from one that is wrested from a man by the use of force, duress, violence, threats of violence or promises of reward, is because a man ought not be compelled to testify against himself . . . So, the application of threats or violence or promises of reward is looked on with disfavor from the courts. If a confession is gotten from a man by those means, you should repudiate it and not give it any consideration if you believe that it was in this case. But, if you believe this was a voluntary confession and not made under threats or violence or promises of reward, then you give that confession what weight you think it is entitled. You can believe that portion you believe or believe it all or not believe it. You

are the sole judges of the credibility of the witnesses and that includes testimony of the confession. Now for a confession to be admissible you must find beyond a reasonable doubt, first, that a confession was made; second, that it was true when it was made; third, that the one produced in evidence was the one that was made; and, fourth, that it was voluntarily made and not made under duress or promises of reward. . . . A confession made by a defendant while in the custody of officers is presumed to be involuntary, and it is the duty of the state to overcome that legal presumption before you consider it at all. . . ."

The record shows that the lower court, in dealing with this confession, adhered to the rule laid down by us in many cases, and which was thus stated in the case of *Burton* v. *State*, 204 Ark. 548, 163 S. W. 2d 160: "We have frequently defined the practice where it is contended that a confession offered in evidence was not freely made. This practice is for the court to hear, as a preliminary matter, in the absence of the jury, testimony as to the circumstances under which the confession was made, and to exclude it from the jury if it were not freely made. If, however, there is an issue of fact as to whether the confession were freely made, that question should be submitted to the jury after having heard the testimony as to the circumstances under which it was made, and the jury should be told to disregard the confession if it were found not to have been voluntarily made."

We conclude, therefore, that there was no error in permitting the confession to be read to the jury and giving to the jury the cautionary instruction as to the requisites of a valid confession.

Appellant also argues that the confession was inadmissible because it was obtained at a time when he was being held in custody without a warrant and without having been taken before a magistrate. No objection, on this ground, to the admission of the confession in evidence was made during the trial, nor was any such objection

set up in the motion for new trial. The record before us is devoid of any proof as to whether any warrant for appellant's arrest had been issued, or as to whether he had been taken before a magistrate, before the confession was obtained. It is unnecessary, therefore, for us to discuss this contention.

No objection to any of the court's instructions was made by appellant nor did he ask any instructions in addition to those given by the court.

We have carefully reviewed the entire record in this case and find no error prejudicial to appellant shown there. The evidence—even if the confession be ignored—abundantly justified the jury's verdict.

The judgment is affirmed.