NICHOLAS *v.* STATE.

Opinion delivered October 6, 1930.

*Robert L. Rogers,* for appellant.

*Hal L. Norwood,* Attorney General, and *Robert F. Smith,* Assistant, for appellee.

HUMPHREYS, J. Appellant was indicted in the circuit court of Pulaski County for the crime of murder in the first degree for killing Fred Gembler on February 28, 1930, in said county, and, upon a trial of the cause, was convicted of the crime of voluntary manslaughter and was adjudged to serve a term of three years in the

State Penitentiary as a punishment therefor, from which judgment an appeal has been duly prosecuted to this court.

Appellant's first assignment of error in the trial of the cause is that the prosecuting attorney was allowed, on cross-examination of his character witness, to interrogate concerning certain reprehensible acts of appellant. The cross-interrogatories, had they been answered in the affirmative, would have shown that appellant was violent, quarrelsome and overbearing, instead of peaceable and law-abiding, as testified to by the character witnesses. The effect of affirmative answers would have been to reflect on the credibility of the character witnesses, and they were admissible for that purpose under the rule of evidence announced in the case of *Woodard* v. *State,* 143 Ark. 404, 226 S. W. 124, and reiterated in the case of *Bridges* v. *State,* 176 Ark. 760, 4 S. W. (2d) 12. In the instant case, however, the cross-interrogatories were answered in the negative, and, had the questions been improper, the negative answers would necessarily have eliminated any prejudice to appellant. There is nothing in the record to show that the cross questions were propounded by the prosecuting attorney to cast reflections by innuendo upon appellant. So far as the record shows, the questions were asked by him in perfect good faith.

Appellant's next assignment of error is that the prosecuting attorney was allowed to introduce as an exhibit to the jury a picture of the deceased taken immediately after his death, and before his removal from the scene of the tragedy. It is argued that, because this picture showed the awful gun shot wound in all its gruesomeness inflicted upon the deceased by appellant, it tended to arouse the passions of the jury, and thereby prevent a fair and impartial trial. The picture was nothing more than a description of the fatal wounds received by deceased at the hands of appellant. The character of the wound inflicted upon deceased by one charged with his murder is always admissible in evidence, and we

know of no rule limiting the description thereof to word of mouth. No authority is cited by appellant in support of his contention that the character of the wound may not be shown by a genuine photograph. We do not think the most accurate method of reflecting a truth should be eliminated, but, just to the contrary, such a method should be approved and accepted.

Appellant's next assignment of error is that the prosecuting attorney was permitted, over his objection, to ask certain witnesses of appellant whether they talked to appellant's lawyer and how often they had done so. These questions were propounded to witnesses, Sammons and Simons, and appellant argues that the purpose of asking them was to impress upon the jury that some "deep laid plot" was in process of creation, without evidence to support it. There is nothing in the record reflecting such a purpose, and we think a more reasonable inference would be that the questions were asked to ascertain whether witnesses were interested in the acquittal of appellant. A witness' testimony is frequently weighed in the light of his interest in a case and properly so. This would be one way of ascertaining whether a witness is disinterested or whether specially interested. We do not think any prejudice resulted to appellant on account of the questions propounded to these witnesses.

Appellant's last assignment of error is that the court erred in refusing to give his requested instructions numbered 4, 5 and 6.

Requested instruction No. 4 related to the law of self-defense which was fully covered by the instructions given by the court.

Requested instruction No. 5 related to the manner of weighing the testimony of appellant himself. It was not error to refuse to give the instruction. The better practice is "to allow him to take his place along with all other witnesses under the general charge relative to the credibility and weight to be attached to their testimony." *Smith* v. *State*, 172 Ark. 156, 287 S. W. 1026.

312

Requested instruction number 6 related to the difference in the size and strength of the deceased and appellant, as tending to show that there was reasonable cause for fear or injury on appellant's part. Although evidence relative to the difference in their size and strength was properly admitted, the rule is that, although the jury may consider these facts for such purpose, it is not proper for the court to instruct that they must consider such disparity. Wharton on Homicide, 3d ed. p. 449.

No error appearing, the judgment is affirmed.