## HIGH v. STATE.

Criminal 4092                    120 S. W. 2d 24

Opinion delivered September 26, 1938.

*Chas. A. Walls*, for appellant.

*Jack Holt*, Attorney General and *John P. Streepey*, Assistant, for appellee.

McHANEY, J. Appellant was charged by information with murder in the first degree for the killing of his wife on December 9, 1937, by shooting her with a pistol. Trial to a jury resulted in a verdict of guilty of manslaughter and his punishment fixed at seven years imprisonment in the State penitentiary, on which judgment was accordingly entered.

For a reversal of the judgment, appellant argues three general grounds, as follows: (1) that the court erred in refusing to give six requested instructions; (2) erred in a remark made when a certain negro witness was called to testify for appellant; and (3) erred in permitting a news photographer to take court room pictures, including appellant, in the jury's presence.

(1) Instructions one, two and three requested by appellant and refused by the court relate to his responsibility for the crime charged, if, at the time, he was temporarily insane, as set out in request No. one, and if bereft of reason on account of drunkenness, as set out in No. two, and a combination of both as set out in No. three. Instruction No. one would have told the jury that if they believed beyond a reasonable doubt that at the time he shot and killed the deceased "he was temporarily so deranged on one or more of his mental or moral faculties that it actually rendered him incapable distin-

guishing between right and wrong with respect to the act he was committing, . . . then you will acquit him on the ground of temporary insanity." No. two would have told the jury that if they should find, or have a reasonable doubt about it, that appellant was intoxicated at the time; that his mind "was bereft of reason by the recent use of intoxicating liquors" so that, at the time, his reason was destroyed and that he had no knowledge of what he was doing and did not know right from wrong; and that he killed deceased while in such mental condition, he should be acquitted. As stated above, number three was an attempted combination of one and two. We think no error was committed in refusing said requested instructions. It may be stated that there is no evidence in this record of any temporary insanity of appellant except such as may have been caused by intoxication. So, requested instruction number one was abstract. As to number two, it may be said in this connection, the court read to the jury as instruction 1A, given on the court's own motion, § 2931 of Pope's Digest, as follows: "Drunkenness shall not be an excuse of any crime or misdemeanor, unless such drunkenness be occasioned by the fraud, contrivance or force of some other person, for the purpose of causing the perpetration of an offense, in which case the person so causing said drunkenness, for such evil purpose, shall be considered principal, and suffer the same punishment as would have been inflicted on the person committing the offense if he had been possessed of sound reason and discretion."

We assume that the fact of appellant's intoxication or drunkenness on the occasion of this killing was established by the evidence, as also the fact that he had been drinking more or less heavily for a number of years. The fact remains, however, and is undisputed, that he voluntarily got drunk on this occasion and purchased the liquor himself "which produced his temporary besotted and unconscious condition," as said in *Bennett* v. *State,* 161 Ark. 496, 257 S. W. 372, where the court used this language: "The testimony of the appellant shows that he 'voluntarily drank the dope' which produced his tem-

porary besotted and unconscious condition. No effort is made to prove that the appellant, at the time of the killing, was afflicted with any disease of the mind, either permanent, temporary, or periodical, such as delirium tremens, mania a potu, or dipsomania. *Casat* v. *State,* 40 Ark. 511. It appears that the killing was the result of reckless, wanton, and careless driving of his automobile, while the appellant was unconscious, as the result of beastly intoxication caused by his own voluntary drinking. Voluntary drunkenness was no excuse for the crime. The court did not err in refusing appellant's prayer for instruction. See *Bowen* v. *State,* 100 Ark. 232, 140 S. W. 28.''

Again, in the later case of *Weakley* v. *State,* 168 Ark. 1087, 273 S. W. 374, this language is used: ''Mr. Bishop says: 'A man may be guilty of murder without intending to take life, or of manslaughter without so intending, or he may purposely take life without committing any crime. The intention to drink may fully supply the place of malice aforethought so that, if one voluntarily becomes too drunk to know what he is about and then with a deadly weapon kills another, he does murder the same as if he were sober. In other words, the mere fact of drunkenness will not reduce to manslaughter a homicide which would otherwise be murder.' Bishop's New Criminal Law, p. 296, § 401. This is the doctrine applied by us in *Byrd* v. *State,* 76 Ark. 286, 88 S. W. 974, where we said: 'But no specific intent to kill is necessary to constitute the crime of murder in the second degree under our statute, and the law is that the intention to drink may fully supply the place of malice aforethought, so that if one voluntarily becomes too drunk to know what he is about and then without provocation assaults and beats another to death, he does murder the same as if he was sober'.'' Such is the situation here. There is no proof that appellant was mentally diseased, either temporarily or permanently, and mere voluntary drunkenness is no defense.

Moreover, appellant was not convicted of murder, but of manslaughter which does not require any specific intent to kill, and even though it could he said to be error

to refuse said instructions, it would not be prejudicial, and would not, therefore, be reversible.

Requested instructions four, five and six would have submitted to the jury the question of an accidental killing. As we view the record there is no substantial evidence that the killing was accidental,—that the gun was fired accidentally in a scuffle over it between him and his wife. We do not review the evidence, as it could serve no useful purpose. There being no evidence to support said instructions, the court correctly refused to give them.

(2) As to this assignment, we have some doubt. When a witness, George Jackson, Jr., was called to testify, counsel for appellant asked him if he had been sworn, to which he replied that he had not. Whereupon the court interjected this remark: "It doesn't make much difference whether he is sworn or not. However, let him be sworn." An examination of the testimony given by this witness reveals the fact that it relates only to appellant's drunken condition on the evening shortly prior to the tragedy and to his drunkenness on previous occasions, a fact which we have assumed to be established by the evidence, and the apparent reflection on this witness by the court's remark, no doubt made facetiously, because the witness was at that time serving a sentence on the county farm for some misdemeanor and had served another previously, and the remark, although improper, could not have been prejudicial to appellant.

(3) We think the matter of permitting a news photographer to take a picture or pictures of the court room and those in it rested in the sound discretion of the trial court. Appellant's counsel objected to the taking of a picture of the court room or of appellant. Whereupon the court said: "I have already told him he could take the picture, but no one is required to have his or her picture taken, and the taking of the picture has nothing whatever to do with the trial," and the objection was overruled, with exceptions. Under the ruling of the court, appellant was not required to be in the picture. It was not shown to the jury, and, if published in the

newspapers, it did not reach the jury because the papers were excluded from them.

We find no error, and the judgment is accordingly affirmed.