BALLENTINE *v.* STATE.

4140

132 S. W. 2d 384

Opinion delivered October 23, 1939.

1038

*H. C. Rains,* for appellant.

*Jack Holt,* Attorney General, and *Jno P. Streepey,* Asst. Atty. General, for appellee.

McHANEY, J.  Appellant was indicted for the crime of murder in the first degree for the killing on the 25th day of May, 1939, of Albert Honea.  On a trial he was convicted of murder in the second degree, and punishment fixed at twenty-one years in the state penitentiary, on which judgment was entered, from which is this appeal.

The only contention made for a reversal of the judgment is that the court erred in giving an instruction on murder in the second degree for the reason, as contended by him, that the evidence clearly shows that he was guilty of no greater offense than voluntary manslaughter.  For this reason he asks that the judgment be reversed and the punishment reduced to the maximum amount fixed by law for manslaughter.  His contention is that the record fails to disclose any malice on his part or any intention to kill Honea.

Murder in the first degree is defined by statute, § 2969, Pope's Digest, as "all murder which shall be perpetrated by means of poison, or by lying in wait, or by any other kind of wilful, deliberate, malicious and premeditated killing, or shall be committed in the perpetration of or in the attempt to perpetrate," certain crimes named.  The statute then says, § 2970, Pope's Digest:

"All other murder shall be deemed murder in the second degree." We have many times held. that actual intent to take life is not a necessary element of the crime of murder in the second degree. *Brassfield* v. *State*, 55 Ark. 556, 18 S. W. 1040; *Byrd* v. *State*, 76 Ark. 286, 88 S. W. 974. Malice, however, is a necessary element of murder, either in the first or second degree, and it must be either express or implied. Section 2967 provides: "Malice shall be implied when no considerable provocation appears, or when all the circumstances of the killing manifest an abandoned and wicked disposition."

Albert Honea was an old man and operated some kind of a "joint" near the foot of the Frisco bridge across the Arkansas River in Fort Smith. Appellant and others had gathered at his place and had engaged in a penny ante poker game and in shooting dice, and the evidence tends to show that they had all become more or less intoxicated from drinking bay rum. One of the witnesses testified that appellant got mad over the crap game and "seemed to take his spite out" on deceased who was not in the crap game and had taken no part in the gambling. The evidence shows that appellant attacked Honea with his fists, knocked him down, picked him up, knocked him down again, kicked and stamped him. The old man was taken to the hospital where he died, and Dr. Foltz testified that he had lacerations and bruises over his entire body, had cranial fractures of the skull, fractures of both the right and left upper and lower jaws, a broken vertebra, a broken neck, and ribs on the right side were fractured to such an extent that fragments pierced his lung which produced a hemorrhage. The evidence supports the finding that appellant inflicted these injuries. The extent of his intoxication is in dispute. The officers who arrested him some hours later testified that he was not intoxicated. They examined his shoes and found grey hairs around the protruding tacks in the soles thereof. Appellant says he was drunk, but not so drunk that he did not know what he was doing. Drunkenness is no excuse for the killing. *High* v. *State*, 197 Ark. 681, 120 S. W. 2d 24. In *Byrd*

v. *State, supra,* the court used this language: "In this case the fact that defendant was intoxicated at the time he assaulted Burnsides may have raised in the minds of the jury a reasonable doubt as to whether there was a specific intent to kill, and led them to reduce the crime to murder in the second degree. But no specific intent to kill is necessary to constitute the crime of murder in the second degree, under our statute, and the law is that 'the intention to drink may fully supply the place of malice aforethought;' so that, if one voluntarily becomes too drunk to know what he is about, and then without provocation assaults and beats another to death, he commits murder the same as if he were sober, 1 Bishop, New Crim. Law, § 401."

In this case the evidence was sufficient to have sustained a verdict and judgment for murder in the first degree. The court, therefore, did not commit any error in submitting the lesser degree of homicide.

Affirmed.