249 S.W.2d 964 (1952)
WOOTBN
v.
STATE.
No. 4689.
Supreme Court of Arkansas.
June 16, 1952.
Rehearing Denied July 7, 1952.
*965 Walter L. Brown, Love & Love and Stein & Stein, all of El Dorado, for appellant.
Tke Murry, Atty. Gen, Dowell Anders, Asst. Atty. Gen, for appellee.
*966 HOLT, Justice.
Charged with the crime of murder in the first degree, a jury found appellant, Melton Wooten, guilty of murder in the second degree and assessed his punishment at a term of ten years in the State Penitentiary. From the judgment is this appeal.
For reversal, appellant assigns nine alleged errors. In the first three, he, in effect, challenges the sufficiency of the evidence. We hold, however, that the evidence was substantial and sufficient.
Viewing the testimony in the light most favorable to the State, as we must, it was to the following effect:
Between 8:30 and 9:00 P. M, October 1, 1951, appellant and his father had been drinking beer at several beer establishments just outside Strong, Arkansas, and in one, called the "Lion Drive-In", Melton grossly insulted one of the waitresses. She complained to her employer, R. A. Baker, who immediately asked appellant to leave, which he did. When outside, the waitress, who had also gone outside to serve a customer, heard Melton tell his father what had happened and started to go back but she told him to "leave before trouble started." Melton and his father, Robert Wooten, then went immediately across the street to another beer establishment where they were heard to make threats against Baker and that they would use their knives on him. They then returned to the Lion Drive-In and Baker and the Wootens engaged in a fight. During the encounter, in which all three were fighting, the Wootens with knives, and Baker with a billy club, Baker received a cut on the leg which evidently severed an artery or a vein resulting in his death about twenty minutes later from loss of blood.
There was evidence tending to show that appellant and his father were the aggressors and, as indicated, armed with deadly weapons. Malice and intent to kill may be implied from the use of weapons, such as knives, as here, capable of producing death. Wallin v. State, 210 Ark. 616, 197 S.W.2d 26.
Appellant was convicted of murder in the second degree only and specific intent to take life was not an essential element. "We have many times held that actual intent to take life is not a necessary element of the crime of murder in the second degree. Brassfield v. State, 55 Ark. 556, 18 S.W. 1040; Byrd v. State, 76 Ark. 286, 88 S.W. 974. Malice, however, is a necessary element of murder, either in the first or second degree, and it must be either express or implied." McGaha v. State, 216 Ark. 165, 224 S.W.2d 534, 536.
It is not clear as to which one of the Wootens inflicted the fatal wound. In the circumstances, however, each could have been found guilty whether acting as a principal or an accessory before the fact. § 41-118, Ark.Stats. 1947, provides: "The distinction between principals and accessories before the fact is hereby abolished, and all accessories before the fact shall be deemed principals and punished as such. In any case of felony, when the evidence justifies, one indicted as principal may be convicted as an accessory after the fact; if indicted as accessory after the fact, he may be convicted as principal." Fleeman and Williams v. State, 204 Ark. 772, 165 S.W.2d 62; Burns v. State, 197 Ark. 918, 125 S.W.2d 463.
Assignment four alleged (without supporting argument here) that the court erred in refusing appellant's request that the State be required to elect whether it "will try the defendant on the standing murder charge or try him as an accessory." This contention is untenable for the reason pointed out above that there is no distinction between principals and accessories.
In assignment five (again without supporting argument) appellant contends "that the court erred in refusing to quash the regular panel on motion of the defendant for reason that they, or at least part of them, had heard the trial of Robert Wooten, which is a companion case. [249 S.W.2d 968]." We find no merit in this contention. The record shows that the trial court announced that it would disqualify any juror who had heard the testimony on the Robert Wotten trial, upon a proper showing of disqualification. No grounds for disqualifying any juror were *967 shown and they were therefore presumed to be qualified.
In assignment six, appellant alleged that the court erred in excusing juror, Payne, on its own motion, at a time when the State had exhausted its challenges and thereby extending the State's challenges, and depriving appellant the right fairly to question the jurors as they were called by the clerk, since appellant had but only one challenge left. On this issue, the record discloses this statement by the court: "Let the record further show that the fact that the Prosecuting Attorney had no remaining challenge had nothing to do with the court's action in excusing this juror. I would have excused him regardless whether the Prosecuting Attorney had any challenges or not. Mr. Payne stated to the court that he was not well and asked the court to excuse him."
We find no error in the court's action. In the impaneling and selection of jurors, a wide discretion must be, and is, accorded the court. The accused was not entitled to the services of any particular juror. Bone v. State, 200 Ark. 592, 140 S.W.2d 140. It is within the court's discretion to excuse a juror on account of illness. Bruder v. State, 110 Ark. 402, 161 S.W. 1067.
It is next contended by appellant that there was error in permitting evidence of blood stains found on the knife used by appellant during the fatal encounter since there was no evidence that it was human blood. There is no merit to this contention. It appears that neither side made any contention that it was human blood. Clearly, in the circumstances, it was within the province of the jury to consider this evidence and reach its own conclusion as to the source of the blood.
Assignment eight alleged error in permitting witness, McBroom, to testify that appellant while standing by his car, in which his father (Robert Wooten) was sitting, just outside the Silver Moon Cafe "pulled out his knife" and said: "I will cut everybody's damn throat if they fooled with him." This occurred between nine and nine thirty P. M., just a few minutes after the fatal encounter and about three-fourths of a mile from the Lion Drive-in. It thus appears that within a few minutes following the fight and while appellant was apparently agitated and angry, he made the above statement. The court permitted this evidence to go to the jury for what it might be worth in determining appellant's state of mind at the time of the fatal assault. His state of mind so shortly thereafter was directly involved in the charge against him.
We said in Dearen v. State, 177 Ark. 448, 9 S.W.2d 30, 31: "It is always permissible to prove declarations and admissions against a person charged with an offense if his declarations or admissions tend in any way to show his connection with the crime charged or tend to prove his guilt. * * * `any admission of a defendant, whenever made, which tends to show his connection with the crime charged in the indictment, is admissible against him'", and in Reed v. State, 102 Ark. 525, 145 S.W. 206, 208, we said: "Statements or declarations by the accused before and after the commission of a crime, although not amounting to a confession, but `rom which, in connection with other evidence of surrounding circumstances, an inference of guilt might be drawn, are admissible against the defendant as admissions. 12 Cyc. 418."
There was no error in this connection.
Finally, in assignment nine, appellant contends that the court erred in instructing the jury on first-degree murder for the reason that at most appellant, on the evidence, could not have been guilty of any crime of a higher degree than manslaughter. We do not agree.
Appellant was convicted of murder in the second degree, a lesser crime than that with which he was charged. Fie therefore cannot complain of the jury's action in finding him guilty of a lesser offense. Wilkerson v. State, 105 Ark. 367, 151 S.W. 518; Bone v. State, 200 Ark. 592, 140 S.W.2d 140.
Finding no error, the judgment is affirmed.