LEE *v.* STATE.

4895                                          315 S. W. 2d 916

Opinion delivered July 1, 1958.

[Rehearing denied September 29, 1958.]

*Edward H. Herrod,* for appellant.

*Bruce Bennett, Atty. General; Thorp Thomas, Asst. Atty. General,* for appellee.

MINOR W. MILLWEE, Associate Justice. On May 9, 1957 the appellant, Leo Lee, was charged with murder in the first degree in the killing of another Negro, William Harrison Smith Jr., on December 26, 1956. The in-

formation was amended on July 23, 1957, by additionally charging appellant with the commission of the homicide while in the attempt to perpetrate the crime of rape upon the person of Grace Helen Hays. The jury returned a verdict of guilty of first degree murder without recommending a life sentence and the trial court thereupon assessed the death penalty.

In his motion for new trial, the appellant first questions the sufficiency of the evidence to support the verdict. He earnestly contends there is a lack of sufficient evidence to show either that he assaulted and killed Smith with malice aforethought, premeditation and deliberation or that he did so in the attempt to perpetrate a rape upon the Hays girl.

The evidence adduced by the State tended to establish the following facts. Grace Helen Hays, 19 years of age, resides with her parents at 1406 Ringo Street in Little Rock, Arkansas. In December, 1956 she was at home for the Christmas vacation while in her third year in college in Michigan. On the night of December 26, 1956, she had a date with William Harrison Smith Jr. with whom she had been keeping company for three or four years. They attended a movie with Grace's two younger sisters and a brother. After leaving the theater in Smith's two-door Chevrolet automobile, they took the children home and proceeded to drive around for a while and parked about the middle of the 2200 block on 24th Street between Howard and Park Streets.

Grace Helen Hays testified that she was learning to drive and that she and Smith exchanged positions in the front seat shortly after they parked. After they had been sitting there about five minutes and Smith had kissed her once, a large rock crashed through the right door glass of the car and she heard a voice shout: "I am tired of this fucking here." She saw the form of a man standing on the curb with his head above the car. As the car door opened Smith turned to his right and said: "Mister, please don't hurt my girl," and then said to Grace Helen, "Don't get shook, I am shot." Smith then got out of the car. The man she later identified

as the appellant then walked in front of and to the left side of the car and said to Grace Helen: "Come on out — I have been laying for you." He seized her by the shoulder and forced her from the car. She fell to the ground and rolled under the car. He then said: "Come on out, I am going to kill you anyway," and she replied: "Mister, I will do anything." As he forced her into an alley with a pistol against her back, he asked her about her husband, her parents and where she lived. He then forced her to lie on the ground where he kissed her, placed his fingers in her privates after making her remove her undergarments. He then forced her to engage in an unnatural sexual act at gun point. After also placing his penis in her privates he released her with the warning that she not "holler or call the police." She drove the car directly to her home, reaching there about 9:45 p. m. and the police were notified and given a description of the appellant whom she had not known previously.

After young Smith left the car he staggered to the home of Nace Bradford, a short distance from the car and slumped on his front porch. Bradford called an ambulance and Smith was taken to a hospital where he died shortly thereafter as a result of a wound caused by a bullet which entered his left side and came to rest in his right hip bone.

On May 4, 1957, appellant was taken into custody by Little Rock police in connection with another shooting at Gillham Park. Two Little Rock detectives, D. M. Cox and O. A. Allen, testified that on May 7, 1957, appellant freely and voluntarily admitted he shot someone at the scene of the killing when he came upon a couple in a car on the night of December 26, 1956; that he read the next morning that it was Smith; that he did not want to visit the scene of the shooting again; and that a day never passed that he didn't think about the killing. He made the same statement the next day to the prosecuting attorney and other officers. Grace Helen was called home from college and was positive in her identification of the appellant as her assailant on the

night in question and picked him out of a police line-up. She and others testified there was a street light and other lights shining in the vicinity of the killing on the night of December 26, 1956. She also stated the night was clear and that the lights in the vicinity enabled her to get a good look at the appellant while they were in the alley and that she particularly noticed his mustache and the outline of his hair.

Appellant had lived within a block of the scene of the killing for about 18 months prior to August, 1955, and had known Nace Bradford for many years. When officers visited the scene on the night of the killing, they found shattered glass where the car had been parked and a purse belonging to the prosecuting witness where she had told them she dropped it. In the excitement she was unable to distinguish between the crash of the window of the car door and the noise of a gun and did not know that a shot had been fired until the deceased told her he was shot.

Appellant testified he made the confession as the result of a beating administered to him by Officer Allen in a lonely graveyard west of Little Rock where he said the officer took him while they were on their way to State Police Headquarters on May 7th. This was denied by Allen and there were other facts and circumstances in contradiction of appellant's version of the route taken and injuries he claimed to have sutained as a result of a beating by the officer. Appellant and his wife also testified that he did not leave home on the night of the killing.

We must, of course, consider the testimony in the light most favorable to the State in determining its sufficiency to sustain the verdict. When this is done we hold the evidence sufficient to sustain the charge that there was either a willful, malicious, deliberate and premeditated killing of Smith by the appellant or that the latter killed Smith in the attempt to perpetrate a rape upon the person of Grace Helen Hays. It follows that the trial court committed no error in refusing appellant's request for a directed verdict of not guilty.

Appellant next assigns error in allowing the prosecuting attorney to amend the information to charge that the offense was committed by appellant while in the attempt to perpetrate the crime of rape as provided by statute (Ark. Stats., Sec. 41-2205.) Amendments like this which change neither the nature nor the degree of the crime charged are permissible under Ark. Stats., Sec. 43-1024. See *Underwood* v. *State,* 205 Ark. 864, 171 S. W. 2d 304.

In response to appellant's motion for a bill of particulars, the State detailed the time and place of the alleged commission of the offense. The response further stated that the State would also rely on the additional allegation that the offense was committed by appellant while in the attempt to perpetrate the crime of rape as set out in the amended information. Appellant's complaint of the insufficiency of the bill of particulars is without merit. The information, unaided by the bill of particulars, fully complied with Ark. Stats., Sec. 43-804. This statute provides that the bill of particulars shall state the act relied upon by the State in sufficient details as formerly required by an indictment, that is, with sufficient certainty to apprise the defendant of the specific crime with which he is charged in order to enable him to prepare his defense. The information here met all requirements of the statute and the bill of particulars gave still further details and information as to the charge. *Brockelhurst* v. *State,* 195 Ark. 67, 111 S. W. 2d 527; *Ragsdale* v. *State,* 222 Ark. 499, 262 S. W. 2d 91.

Error is next assigned in admitting a photograph of the body of the deceased. In doing so, the trial court admonished the jury that the picture was admitted solely for the purpose of showing the nature, extent and location of the bullet wound and not to inflame their minds in any matter. The admission and relevancy of photographs is a matter resting largely in the discretion of the trial judge, and we find no abuse of that discretion in this case. As we said in *Oliver* v. *State,* 225 Ark. 809, 286 S. W. 2d 17: "Admissibility of photographs does not depend upon whether the objects they

portray could be described in words, but rather on whether it would be useful to enable the witness better to describe and the jury better to understand, the testimony concerned. Where they are otherwise properly admitted, it is not a valid objection to the admissibility of photographs that they tend to prejudice the jury. Competent and material evidence should not be excluded merely because it may have a tendency to cause an influence beyond the strict limits for which it is admissible.''

Appellant next contends the court erred in allowing his confession to be introduced into evidence. It is argued that it was not made freely and voluntarily in that it was made while appellant was in custody and before he was taken before a magistrate. The trial court followed the approved practice of first hearing the testimony in the absence of the jury as to the circumstances under which the confession was given and then submitted the question as to whether it was freely and voluntarily made to the jury on the conflicting evidence, admonishing them to disregard the confession unless it was voluntarily made. We have held in *State* v. *Browning*, 206 Ark. 791, 178 S. W. 2d 77, and several subsequent cases, that the failure to have a warrant of arrest and to take the accused before a committing magistrate does not prevent a confession made to officers from being admissible if the jury found the confession to have been voluntarily made. See *Palmer* v. *State*, 213 Ark. 956, 214 S. W. 2d 372, *certiorari* denied in 336 U. S. 921, 69 S. Ct. 639, 93 L. Ed. 1083. There is no evidence of a continuous inquisition persisted in to the extent of exhausting the appellant physically or mentally and thereby overcoming his will, and his testimony that he was beaten into the confession is sharply denied by the officers and other facts and circumstances.

Appellant also insists the court erred in admitting evidence that a .38 caliber revolver was taken from his home by an officer without a search warrant. While we have held evidence obtained without a search warrant to be competent and admissible, it is undisputed

that the officer entered the home of appellant and took the gun with appellant's express permission.

Complaint is also made of the court's action in permitting counsel for the State to ask appellant's wife the name of his first wife on cross examination. First, the witness stated she did not know the name of her husband's former spouse and the appellant testified, without objection, as to the name. The scope of the cross examination of a witness is largely within the discretion of the trial court and no abuse of that discretion occurred here.

Nor do we think the trial court committed reversible error in refusing appellant's motion to allow the jury to go to the scene of the alleged beating of appellant by Officer Allen. Appellant testified he and the officer were at the scene only a short time and that he was handcuffed to a hickory tree and fell to the slate ground at the base of the tree where the officer beat and kicked him. As previously stated, this was stoutly disputed and there is little in the testimony indicating that a visit to the scene would have had any probative value. At any rate the question of the propriety of a view of a place where any material fact is alleged to have occurred is again a matter within the discretion of the trial court under Ark. Stats., Sec. 43-2119. No abuse of that discretion is apparent in the instant case.

We have carefully examined the other assignments of error which relate primarily to the admission of certain rebuttal testimony and general objections to certain instructions given. We find no error in these assignments. The trial court's rulings on the admission of evidence generally were very favorable to the appellant and the instructions given have been repeatedly approved by this court. On the whole case we find no prejudicial error, and the judgment is affirmed.