WILLIE PERRY *v.* STATE OF ARKANSAS

CR 73-109                                           500 S.W. 2d 387

Opinion delivered October 29, 1973

*Joe W. McCoy* and *Edward E. Scrimshire,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *Alston Jennings Jr.,* Asst. Atty. Gen., for appellee.

JOHN A. FOGLEMAN, Justice. Appellant Perry, charged with the first degree murder of Pat Brumett, was found guilty of voluntary manslaughter by a jury which fixed his punishment at six years' imprisonment. He alleges that the trial court erred in admitting two photographs of the body of Brumett into evidence and in allowing the prosecuting attorney to exceed the bounds of propriety in closing argument. We find no reversible error.

Appellant asserted that the killing was done in self-defense. Brumett died from wounds inflicted on him by Perry with a knife. A physician, acting as State Medical Examiner, testified that in his opinion death resulted from a knife wound on the neck, but that one under the arm might have been the cause. There had been previous difficulties between the two and some argument between them on June 18, 1972, the day of the fatal encounter. The killing took place in a small cabin consisting of one room, a kitchen area and a bathroom. It occurred after a dice game there in which Lewis Sutton, Neal Jester, Brumett and Perry had all participated at one time or another during a period of three hours or more. All par-

ticipants had been drinking beer or whiskey. The argument between Perry and Brumett took place while this game was in progress.

Just prior to the encounter, Brumett had been sitting at the end of a bed near the door to the cabin. None of the others present saw what took place between Perry and Brumett as Perry started to leave, or heard any statements made by either to the other. Each professed to have had his attention attracted by a commotion, as if persons were scuffling near the door, and to have then seen Brumett bleeding badly and Perry and Brumett standing and facing one another. Immediately after the witnesses saw this, Perry bolted out the door. None of the witnesses saw any weapon in the possession of either Perry or Brumett or heard any threat made by Brumett to Perry.

Perry first contends that the photographs were introduced without a proper foundation having been laid, i.e., that it was not shown that the pictures were accurately taken or that they were correct representations of the subject matter. They were identified by C. B. Crownover, a deputy sheriff who investigated the incident. Crownover went to the hospital and observed Brumett's body after he had made an inspection in and about the cabin and obtained such information as he could. He testified that the two photographs admitted, along with others excluded, were made in his presence by the physician who acted as medical examiner, after Brumett's clothing had been removed. Crownover said that the pictures showed Brumett's appearance after the clothing had been removed. We cannot say the foundation thus laid for the introduction of these pictures was inadequate. We note the physician later testified that he made the photographs and that the two, one a front view and the other a rear view of Brumett's body, portrayed all the "cuts" on it. He referred to these photographs in explaining his examination and findings.

Appellant also contends the photographs should have been excluded because of their tendency to inflame the minds of the jury, and that they were introduced solely for that purpose.

Brumett was described as a man over six feet tall, weighing over 200 pounds. Perry was said to have weighed 140 to 150 pounds. Perry testified that as he started to leave, Brumett jumped up from the bed and started striking and choking him, and that he ran his hand in his pocket, withdrew a knife and cut Brumett with it until Brumett slackened his hold enough that he (Perry) could get loose and fall out the door. Perry stated that he did not know how many times he struck Brumett with the knife, but that he thought each time that Brumett would feel a "sting" and release him. Perry denied having his hand or arm around Brumett's neck while cutting him with the knife.

An in camera hearing was held before the circuit judge admitted the photographs into evidence. It is significant to us that he rejected five others. We agree with appellant that these admitted should have been rejected if their sole effect was to inflame the passions of the jurors against him. See *Garrett v. State,* 171 Ark. 297, 284 S.W. 734. Otherwise, the admission and relevancy of photographs are matters resting largely in the discretion of the trial judge. *Lee v. State,* 229 Ark. 354, 315 S.W. 2d 916. An objection that photographs tend to inflame or prejudice the jury is not valid, if they are otherwise properly admissible. *Milam v. State,* 253 Ark. 651, 488 S.W. 2d 16; *Williams v. State,* 239 Ark. 1109, 396 S.W. 2d 834; *Oliver v. State,* 225 Ark. 809, 286 S.W. 2d 17. However inflammatory they may be, they are admissible in the discretion of the trial judge, if they tend to shed light on any issue or are useful to enable a witness to better describe the objects portrayed or the jury to better understand the testimony, or to corroborate testimony. *Davis v. State,* 246 Ark. 838, 440 S.W. 2d 244; *Stewart v. State,* 233 Ark. 458, 345 S.W. 2d 427; *Oliver v. State,* supra. Photographs are also admissible as primary evidence upon the same grounds and for the same purposes as diagrams, maps and plats. *Sellers v. State,* 91 Ark. 175, 120 S.W. 840. These principles have been applied in sustaining the admission of photographs depicting conditions resulting from bodily injuries. *Reed v. McGibboney,* 243 Ark. 789, 422 S.W. 2d 115. We there pointed out that an oral description of such conditions by a witness who was

unusually eloquent might be as inflammatory as a photograph showing the same conditions.

The photographs admitted showed a front and a rear view of Brumett's body. The one taken from the rear showed two long gaping wounds on Brumett's back, both on the left side—one just below the shoulder blade, and one near the bottom of the rib cage—and another across the back of his neck. The one taken from the front showed one severe wound on the throat and another below the armpit, both on Brumett's left side.

We have in many cases upheld the admission of photographs of the body of the victim in a homicide case when they showed the nature and location of wounds, even though the photographs were gruesome. See, e.g., *Lillard* v. *State*, 236 Ark. 74, 365 S.W. 2d 144; *Oliver* v. *State*, supra; *Perkins* v. *State*, 217 Ark. 252, 230 S.W. 2d 1; *Lee* v. *State*, 229 Ark. 354, 315 S.W. 2d 916; *Smith* v. *State*, 216 Ark. 1, 223 S.W. 2d 1011, cert. denied, 339 U.S. 916, 70 S. Ct. 562, 94 L. Ed. 1341; *Black* v. *State*, 215 Ark. 618, 222 S.W. 2d 816, cert. denied, 338 U.S. 956, 70 S. Ct. 490, 94 L. Ed. 590; *Higdon* v. *State*, 213 Ark. 881, 213 S.W. 2d 621; *Nicholas* v. *State*, 182 Ark. 309, 31 S.W. 2d 527; *Sellers* v. *State*, supra.

Perry's defense raised questions, among others, as to which of the two was the aggressor, whether Perry in good faith endeavored to avoid the danger which appeared to him and to avert the necessity of killing Brumett and to decline further contest before the mortal wound was inflicted, whether Perry honestly believed he was in danger of losing his own life or suffering great bodily injury, whether the circumstances were sufficient to excite the fears of a reasonable person, whether Perry acted hastily or in a spirit of revenge and whether he acted with due caution and circumspection. Ark. Stat. Ann. §§ 41-2209, 41-2235, 41-2236 (Repl. 1964). *Bruder* v. *State*, 110 Ark. 402, 161 S.W. 1067; *Deatherage* v. *State*, 194 Ark. 513, 108 S.W. 2d 904; *Peters* v. *State*, 245 Ark. 9, 430 S.W. 2d 856; *Duncan* v. *State*, 49 Ark. 543, 6 S.W. 164.

The nature and location of the wounds were material in this case to several of the issues. In considering these

issues, the jury was at liberty to consider the nature and location of the wounds, the probable manner of their infliction and the extent to which they were contradictory to appellant's contentions. See *Bartley* v. *State,* 210 Ark. 1061, 199 S.W. 2d 965; *Black* v. *State,* supra. The number and severity of the wounds were relevant to the questions whether Perry acted in a spirit of revenge, and whether he acted with due caution and circumspection. In addition, these facts had some probative force tending to show malice. *Davis* v. *State,* 246 Ark. 838, 440 S.W. 2d 244; *Government of Virgin Islands* v. *Lake,* 362 F. 2d 770 (3rd Cir. 1966); *Carson* v. *State,* 217 Ark. 658, 232 S.W. 2d 835; *Tatum* v. *State,* 172 Ark. 244, 288 S.W. 904. See also, *Stanley* v. *State,* 248 Ark. 787, 454 S.W. 2d 72; *Stockton* v. *State,* 239 Ark. 228, 388 S.W. 2d 382; *Bly* v. *State,* 213 Ark. 859, 214 S.W. 2d 77; *Wooten* v. *State,* 220 Ark. 750, 249 S.W. 2d 964. They were also to be considered in determining whether the intent to kill should be inferred. *Craig* v. *State,* 205 Ark. 1100, 172 S.W. 2d 256. From an examination of these wounds, it appears that it was possible for all or some of them to have been inflicted by one who was behind Brumett. If so, that fact was quite material to the question of whether deceased or appellant was the aggressor. See *Bartley* v. *State,* 210 Ark. 1061, 199 S.W. 2d 965.

In *Nicholas* v. *State,* 182 Ark. 309, 31 S.W. 2d 527, where a picture was nothing more than a description of fatal wounds of the deceased at the hands of the accused, it was argued that, because of the gruesomeness of the wound shown, the picture prevented a fair and impartial trial because it tended to arouse the passions of the jury. Our language there is pertinent here. We said:

> The character of the wound inflicted upon deceased by one charged with his murder is always admissible in evidence, and we know of no rule limiting the description thereof to word of mouth. * * * We do not think the most accurate method of reflecting a truth should be eliminated, but, just to the contrary, such a method should be approved and accepted.

We can say with assurance that there was no abuse of the circuit judge's discretion in admitting these photo-

graphs, and his rejection of five others tends to indicate that his discretion was soundly exercised. Since appellant was charged with first degree murder and convicted of only voluntary manslaughter, we have considerable doubt that the admission of the photographs could have inflamed the passions of the jury. See *Perkins* v. *State,* 217 Ark. 252, 230 S.W. 2d 1; *Garrett* v. *State,* 171 Ark. 297, 284 S.W. 734.

Appellant complains that the prosecuting attorney failed to produce a forensic pathologist to testify about the direction from which the cuts were inflicted or the position of the person who inflicted them, as he stated that he would at the hearing in camera. In view of what we have said, this failure is immaterial. He also complains of the statement by the circuit judge at that hearing that the photographs admitted would have "some weight to the jury for them to know there was a hog skinning out there." If that statement had been made in the presence of the jury, we would have cause for concern. Since it was made out of the hearing of the jury, appellant could not have been prejudiced by the folksy language used by the judge in stating the reasons for his ruling.

Appellant also complains that the circuit judge gave the jury no instruction stating the purpose for which the photographs might be considered and admonishing the jurors against permitting these pictures to inflame their minds, as was done in *Lee* v. *State,* 229 Ark. 354, 315 S.W. 2d 916. There was no request by appellant for such an admonition. The failure to give an admonitory or cautionary instruction, or one limiting the effect of testimony or the purpose for which it may be considered, is not prejudicial error, in the absence of a request therefor. *Petron* v. *State,* 252 Ark. 945, 481 S.W. 2d 722; *Steel* v. *State,* 246 Ark. 75, 436 S.W. 2d 800; *Clark* v. *State,* 246 Ark. 1151, 442 S.W. 2d 225. *Fielder* v. *State,* 206 Ark. 511, 176 S.W. 2d 233; *Kyles* v. *State,* 143 Ark. 419, 220 S.W. 458.

The fact that appellant's counsel admitted that the victim was cut numerous times did not render these photographs inadmissible. In the first place, the location and severity of the cuts were not admitted and admission

could hardly have portrayed the actual nature of the wounds or given any indication as to the direction from which they may have been inflicted. Furthermore, the fact that the evidence is cumulative or unnecessary because of an admission by defendant of facts disclosed by photographs does not, in and of itself, render them inadmissible. *Smith v. State*, 216 Ark. 1, 223 S.W. 2d 1011, cert. denied, 339 U.S. 916, 70 S. Ct. 562, 94 L. Ed. 1431; *Rivers* v. *United States*, 270 F. 2d 435 (9th Cir. 1959); *State* v. *Upton*, 60 N.M. 205, 290 P. 2d 440 (1955). See also, *Stanley* v. *State*, 248 Ark. 787, 454 S.W. 2d 72; *State* v. *Greene*, 74 R.I. 437, 60 A. 2d 711 (1948); *State* v. *Lantzer*, 55 Wyo. 230, 99 P. 2d 73 (1940).

Appellant's contentions about the prosecuting attorney's arguments to the jury are threefold. The arguments were not reported verbatim, but the record purports to state the gist of the statements to which appellant objected and of his objections thereto. We do not consider the statement in appellant's brief that the prosecuting attorney was waving a knife in front of the jury, because the record does not disclose that this was done, or, if it was, that any objection was made.

The first objection was made to a statement by the prosecuting attorney that he had wanted Perry to open a pocket knife in court, but that appellant's attorney wouldn't let him because he (the attorney) didn't think he could open it with one hand. After a general objection was made, the court admonished the jury to consider remarks of counsel as statements of their opinions and to base its verdict on the evidence and the law given by the court. Thereafter, appellant's attorney only requested that the judge ask the prosecuting attorney to stay in the record. We do not consider there was any reversible error here. Perry had testified that while Brumett was striking and choking him, he got one hand into his right pocket, removed his pocket knife, stuck his finger in the "nail thing," put it against his leg and opened it. The circuit judge had sustained appellant's attorney's objection to the prosecuting attorney's request that Perry demonstrate how he opened the knife with a knife tendered by the prosecuting attorney. Perry later denied that the knife

was open in his pocket before the encounter. Appellant did not request any further admonition, object to that given, or move for a mistrial. In view of the court's admonition, we cannot say that there was any prejudicial error in this instance. See *Camp* v. *State*, 249 Ark. 1075, 467 S.W. 2d 707.

The second objection was made to the statement that Pat Brumett was a fellow that liked to shoot craps, drink and fight, and that the defendant must have liked to also. It is sufficient to say that there was no error because it was not unreasonable for one to draw from the evidence the inference that the prosecuting attorney stated. See *Patrick* v. *State*, 245 Ark. 923, 436 S.W. 2d 276; *Gibson* v. *State*, 252 Ark. 988, 482 S.W. 2d 98.

The third instance is reported thus:

MR. LOVELL: He jumped on the man's back and cut him all to pieces.

MR. McCOY: I object. I want him to argue the evidence.

THE COURT: I have repeatedly told the jury where their verdict will be based on and the right of attorneys to express their opinions.

MR. McCOY: Would you insist he stay in the record.

THE COURT: He has a right to express his opinion, Mr. McCoy.

MR. McCOY: Save my exceptions.

Here again, appellant's attorney did not move for a mistrial and made no request for any further admonition except that the prosecuting attorney be required to stay in the record. Appellant argues that there is no evidence that appellant jumped on Brumett's back and that the only evidence on the subject was the testimony of two witnesses that the two were locked face to face. It is true that the witnesses said that the two were standing face

to face when they looked toward appellant and the deceased. It is also true that they had both previously heard a commotion and when they saw Brumett and Perry, the wounds must have already been inflicted, because Brumett was bleeding badly at the time and neither professed to have seen any of the combat. As we have previously indicated, an inference that the wounds were inflicted by someone to Brumett's rear would not be totally unfounded. Consequently, there does not appear to have been any impropriety in the argument, and the court's admonition to the jury to the effect that statements of counsel were to be considered as opinions only would seem to be sufficient. *See Ulmer* v. *State,* 253 Ark. 106, 484 S.W. 2d 691; *Gibson* v. *State,* supra; *Camp* v. *State,* supra; *Patrick* v. *State,* supra.

The trial court has a wide latitude of discr     in controlling, supervising and determining the prop     of the arguments of counsel, and its exercise will not be reversed in the absence of manifest gross abuse. *Stanley* v. *State,* 248 Ark. 787, 454 S.W. 2d 72; *McGill* v. *State,* 253 Ark. 1045, 490 S.W. 2d 449; *Hill* v. *State,* 253 Ark. 512, 487 S.W. 2d 623; *Blanton* v. *State,* 249 Ark. 181, 458 S.W. 2d 373. We find no abuse of that discretion here.

The judgment is affirmed.